NO. 07-05-0163-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JUNE 30, 2005



______________________________




R. WAYNE JOHNSON,



 Appellant


V.



BRUCE ZELLER,



 Appellee

 


_________________________________



FROM THE 181st DISTRICT COURT OF POTTER COUNTY;



NO. UNASSIGNED; HONORABLE JOHN B. BOARD, JUDGE



_______________________________



MEMORANDUM OPINION



_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 R. Wayne Johnson, appellant, an inmate proceeding pro se, appeals the trial court's
order denying him permission to sue. We dismiss the appeal.

 The clerk's record was filed with this court on May 3, 2005. The court reporter
notified this court that there were never any on-the-record hearings and therefore, no notes
to transcribe into a reporter's record. Appellant's brief was therefore due on June 2, 2005. 
By letter dated June 15, 2005, we notified appellant that the due date for the brief had
passed, that the brief had not been filed and no motion for extension of time to file had
been received by the court. Citing Tex. R. App. P. 38.8, the letter also notified appellant
that the appeal would be subject to dismissal unless a response reasonably explaining his
failure to file a brief, together with a showing that the appellee has not been significantly
injured by the failure, was submitted by June 27, 2005. Appellant has not filed a response
to the court's June 15th letter, nor has he submitted a brief or a motion for extension of
time. 

 Accordingly, we dismiss the appeal for want of prosecution. Tex. R. App. P.
38.8(a)(1); 42.3(b).


 Brian Quinn

 Chief Justice



e reverse and remand
for further proceedings.

Background Facts


 In August 2002, Miller went to the emergency room at the Moore County Hospital
complaining of mid and upper chest pain. Three days later he was admitted to the hospital
for treatment of a myocardial infarction. On November 8, 2004, Miller filed suit contending
that his heart was damaged by the failure of Dr. Packard to properly diagnose his heart
condition. Miller was unable to effectuate formal service of process on Dr. Packard until
March 18, 2005, the 130th day after the original date of filing suit. (2) The expert report was
attached to the petition when it was served.

 Based on the fact that Miller did not serve his expert report on Dr. Packard within
120 days after the date of filing his claim, Dr. Packard moved to dismiss Miller's health care
liability claim pursuant to § 74.351(b). The trial court denied Dr. Packard's motion to
dismiss, and this appeal ensued.

Interlocutory Appeal


 As a general rule, a party is not allowed to appeal an interlocutory order unless
specifically authorized by statute. (3) Section 51.014(a)(9) provides that a person may appeal
an interlocutory order that denies all or part of the relief sought by a motion under §
74.351(b). Because Dr. Packard's motion was filed pursuant to that statute, he is
authorized to bring this appeal notwithstanding the fact that the order in question is
interlocutory.

Section 74.351


 Miller's claim against Dr. Packard is a health care liability claim governed by chapter
74 of the Code. Section 74.351(a) provides that a claimant in a health care liability claim
shall, not later than the 120th day after the date the claim was filed, serve on each party or
the party's attorney one or more expert reports, with a curriculum vitae attached. This
deadline for serving the report may be extended by written agreement of the parties; (4)
however, there was no such agreement in this case. Furthermore, in situations where a
report has been filed but the elements of that report have been found to be deficient, the
court may grant one 30-day extension to the claimant in order to cure the deficiency. (5) This
exception to the general rule is likewise not applicable to the facts of this case because it
applies only in those situations where an initial report has been timely served, but has been
found to be deficient in some material fashion. (6) Other than the two statutory exceptions
set forth above, the trial court has no authority to extend the deadline for filing an expert
report. (7)

Standard of Review


 The trial court's ruling on a motion to dismiss pursuant to § 74.351(b) is reviewed
under an abuse of discretion standard. (8) A trial court abuses its discretion if it acts in an
unreasonable and arbitrary manner such that the exercise of that discretion amounts to a
"clear and prejudicial error of law." (9)

Analysis


 Miller argues that the trial court's denial of Dr. Packard's motion to dismiss was
based upon an implied equitable extension of the time to file the expert report. Miller
contends that the equitable extension was based upon a construction of Rule 21a of the
Texas Rules of Civil Procedure which allows the trial court to "extend the time for taking
the action required . . . or grant such other relief as it deems just." This provision
specifically pertains to a party's right to seek redress from the consequences of what is
commonly referred to as the "mailbox rule" and has no application to the facts of this case. 
Furthermore, because the Legislature has provided the exclusive means by which a trial
court may grant an extension of time to file an expert report, Rule 21a does not give the
trial court authority to enter an order extending the time to file an expert report.

 Miller next argues that the trial court had the discretion to refuse to dismiss the suit
because the failure to timely serve the expert report was due to Dr. Packard's failure to
make himself readily amenable to service of process, and that by "avoiding" service of
process, a health care provider might prevent an otherwise-entitled claimant from making
a legitimate health care liability claim. While the equities of this argument are apparent to
this Court, it is not within the province of this Court, or the trial court, to adopt an "equitable
extension" to the clear requirements of § 74.351. 

 Finally, because Dr. Packard waited almost eighteen months to file his motion to
dismiss, Miller opines that Dr. Packard should be equitably estopped from asserting his
right to file a motion to dismiss pursuant to § 74.351. The Legislature did not include an
explicit deadline for the filing of a motion to dismiss. Miller's equitable arguments are more
appropriately directed to the reasonableness of any attorney's fees which Dr. Packard may
claim to be entitled to under the provisions of § 74.351(b).

 As stated above, the Legislature has provided two specific exceptions to the
mandatory dismissal provisions of § 74.351(b). (10) To engraft an exception based upon
Appellant's arguments would amount to blatant legislating from the bench. The Legislature
has spoken and the seemingly harshness of this provision does not change the clear
language of the statute. (11)

Conclusion


 Because the trial court did not have the authority to extend the time to file the
required expert report, it failed to follow clear precedential authority in the interpretation and
application of § 74.351(b). Accordingly, it abused its discretion in denying Dr. Packard's
motion to dismiss. We sustain Dr. Packard's issue and reverse the order of the trial court
denying the motion to dismiss. This cause is remanded to the trial court with instructions
to enter an order of dismissal of Miller's claims against Dr. Packard, with prejudice, and for
such further proceedings and orders as the parties may show themselves justly entitled to
receive in accordance with this opinion.


 Patrick A. Pirtle

 Justice

1. Unless otherwise noted, all statutory references herein are to the Texas Civil
Practice & Remedies Code Annotated (Vernon 2005 & Supp. 2006). 
2. Miller filed suit on November 8, 2004, under the version of § 74.351 that was
effective for claims filed on or after September 1, 2003. See Act of June 2, 2003, 78th
Leg., R.S., ch. 204, §§ 10.01, 10.09, 23.02(a), (d), 2003 Tex. Gen. Laws 847, 864, 875,
884, 898-99. The Texas Legislature amended § 74.351 in 2005; however, the 2005
changes apply "only to a cause of action that accrues on or after the effective date of this
Act. An action that accrued before the effective date of this Act is governed by the law
applicable to the action immediately before the effective date of this Act, and the law is
continued in effect for that purpose." Act of May 18, 2005, 79th Leg., ch. 635, § 2, 2005
Tex. Gen. Laws 1590. Because the 2003 version of § 74.351 applies to this case, all
references to § 74.351 herein are to the 2003 version.
3. Lehmann v. Har-Con Corp., 39 S.W. 3d 191, 195 (Tex. 2001).
4. Section 74.351(a).
5. Section 74.351(c).
6. See Estate of Regis ex rel. McWashington v. Harris Co. Hosp. Dist., 208 S.W.3d
64, 67 (Tex.App.-Houston [14th Dist.] 2006, no pet.); Valley Baptist Med. Ctr. v. Azua, 198
S.W.3d 810, 815 (Tex.App.-Corpus Christi 2006, no pet.).
7. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (c); See also Soberon v. Robinson,
No. 09-06-0067-CV, 2006 WL 1781623 (Tex.App.-Beaumont June 29, 2006, pet.
denied)(not designated for publication); McWashington, 208 S.W.3d at 68; Thoyakulathu
v. Brennan, 192 S.W.3d 849, 853 (Tex.App.-Texarkana, 2006, no pet.); Garcia v.
Marichalar, 185 S.W.3d 70, 74 (Tex.App.-San Antonio 2005, no pet.).
8. Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 875 (Tex.
2001).
9. In re Bass, 113 S.W.3d 735, 738 (Tex. 2003); quoting Walker v. Packer, 827
S.W.2d 833, 839 (Tex.1992) (original proceeding).
10. See footnote No. 7.
11. See Turner v. Cross, 83 Tex. 218, 18 S.W. 578, 579 (1892) (holding, "It is the duty
of a court to give to language used in a statute the meaning with which it was used by the
legislature if this can be ascertained; . . . and if, so applying them, the legislation in which
they are found seems to be harsh, or not to embrace and give remedies for acts for which
remedies ought to be given, the courts, . . . are not authorized to place on them a forced
construction for the purpose of mitigating a seeming hardship, . . . . It is the duty of a court
to administer the law as it is written, and not to make the law; and however harsh a statute
may seem to be, or whatever may seem to be its omission, courts cannot, on such
considerations, by construction sustain its operation, or make it apply to cases which it
does not apply, without assuming functions that pertain solely to the legislative department
of the government.")